## Kennedy v. Kansas

*David Cohen*, for plaintiff.

*Edward J. Marcantonio*, for defendants.

*Victor L. Drexel*, for additional defendant.

McDEVITT, P. J., October 8, 1968. — Plaintiff brought suit against defendants as of the above court, term and number to recover damages for personal injuries alleged to have been sustained by him in an automobile accident which occurred on April 28, 1964. Defendants desire to bring upon the record as additional defendant, Thomas E. Beauvais, operator of the other vehicle involved in the said accident on the ground that he is jointly liable with defendants to the said

plaintiff or liable over to defendants if defendants are found liable. The joinder of Thomas E. Beauvais was previously attempted by the filing of a complaint to join Thomas E. Beauvais as an additional defendant on August 31, 1964. On November 5, 1964, an attorney for additional defendant filed preliminary objections on grounds of venue. These preliminary objections were sustained, because this was a Montgomery County accident, the action was brought in Philadelphia and the additional defendant was a resident of Delaware County. When the preliminary objections were sustained, the venue and service rules had not been amended.

On September 1, 1967, Pennsylvania Rules of Civil Procedure 1006 (c) and 1009 (e)[1] became effective and were made applicable by the Supreme Court to actions pending at that time.

On January 18, 1968, defendant sought leave of court to again join Beauvais as additional defendant. Judge Spaeth granted leave to join Beauvais on February 20, 1968, and defendants filed their third-party complaint on March 12, 1968. Deputized service was made on additional defendant under Pa. R. C. P. 1009-(e), and on April 2, 1968, additional defendant filed

---

[1] Pa. R. C. P. 1006(c): "An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)".

Pa. R. C. P. 1009(e): "When an action is commenced against an individual in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or is brought against two or more defendants under Rule 1006(c), the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had".

the present preliminary objections and motion to strike the third-party complaint.

The greater part of both parties' arguments concerns the applicability of Pa. R. C. P. 1006(c) and 1009(e) to the situation at bar. Defendant claims that these revised "assumpsit" rules apply and, therefore, venue is proper and extra-county service was proper. Additional defendant counters that revised rules 1006 and 1009 do not apply to trespass actions and that deputized service was improper. Pa. R. C. P. 1043, he says, bars such service.

Defendant, we believe, is correct. Pa. R. C. P. 1042 states that an action in trespass may be brought "in a county in which an action in assumpsit may be brought *or as provided by an Act of Assembly*". These last words provide the whole reason for the existence of a separate rule 1043 providing for deputized service out of the county in which the suit was brought when that county is the "cause of action" county; namely, a suit in assumpsit could *not be brought* in a county merely because the cause of action arose there; it had to be brought only in a county where defendant could be served. Accordingly, there was no provision for deputized extra-county service in the "assumpsit rules"; there was no need for such provision. Since, however, the venue of certain trespass actions might, by virtue of particular acts of assembly, be laid in the county where the cause of action arose, there was need for a specific rule for deputized extra-county service in trespass actions: Pa. R. C. P. 1043.

The adoption of a new section (c) in rule 1006 provides for proper venue in *assumpsit* cases against several defendants whenever venue may properly be laid against any one of defendants under 1006(a) or (b). (Incidentally, rule 1006(a) now provides for venue in *assumpsit* actions in the "cause of action" county.) Venue is proper in the present trespass action with

regard to the original defendant; therefore, under rules 1042 and 1006(c), it is also proper with regard to the additional defendant. (Rule 1006(c) was made applicable to actions pending on its effective date, September 1, 1967).[2]

The following slightly different line of reasoning reaches the same result. Rule 1043 applies only to actions brought in the county where the cause of action arose; in the present case, the cause of action did not arise in Philadelphia County; therefore, rule 1043 does not apply at all to the present action. Rule 1006(c) applies to *all* actions pending on its effective date; the present action was pending then; therefore, rule 1006 (c) applies to the present action, through rule 1042, and venue is proper; service under rule 1009(e) is, therefore, proper, since rule 1009(e) has been promulgated specifically to provide enlarged provisions for service in keeping with the enlargement of venue under rule 1006(a) and (c).

A legal basis exists for the joinder of additional defendant, even at this late date. The additional defendant may be joined on a theory of joint liability or "liability over" even though the plaintiff could not himself maintain a suit against additional defendant because of the bar of the statute of limitations. See 4A Anderson Pa. Civ. Pract. §§2252.42 and 2252.48.

The granting of defendants' petition for late joinder makes it conclusive that Judge Spaeth found that defendant showed adequate cause for the late joinder. Given the fact that defendant *must* justify a late joinder *before* and not after the joinder, it is too late for additional defendant to complain that no cause was shown. Moreover, there is no need to notify additional defendant of the petition for late joinder. See Anderson Pa. Civ. Pract. §2253.12, n. 16.

---

[2] See also Goodrich-Amram, 1 Procedural Rules Service, 1968 Supp., §1006(c)-1.

Regarding the "technical objection" that additional defendant raises, failure to serve copies of all *pleadings* filed previously, there is no evidence in the papers before this court that additional defendant was not served with a copy of the original complaint. At any rate, he has a copy of the original complaint, as is evident from additional defendant's brief. The original third-party complaint was stricken and additional defendant's first preliminary objections served their purpose; no prejudice appears from non-service of these pleadings. The rules, etc., for interrogatories are not "pleadings" in the meaning of the term under Pa. R. C. P. 1017.

Accordingly, the court enters the following

### ORDER

Now, October 8, 1968, upon consideration of additional defendant's preliminary objections to defendants' third-party complaint and his motion to strike said complaint, it is ordered that said preliminary objections and motion be, and they are hereby, dismissed. Additional defendant is directed to file an answer to defendants' complaint within the time required by law.